UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOSUKE OKAHARA,                            Plaintiff,<br><br>- against -<br><br>LEIBAL LLC<br><br>                            Defendant. | Docket No. 1:19-cv-1216<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Kosuke Okahara ("Okahara" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Leibal LLC ("Leibal" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of ten copyrighted photographs of newly renovated homes in Kyoto, Japan, owned and registered by Okahara, a professional photographer. Accordingly, Okahara seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.       Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and transacts business in New York and is registered with the New York Department of State Division of Corporations.

4.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.       Okahara is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 2-17-18, Miharadeal, Nerima-ku, Tokoya Japan.

6.       Upon information and belief, Leibal is a domestic limited liability company organized and existing under the laws of the State of New York, with a place of business at 185 West End Ave, 19k, New York, New York 10023. Upon information and belief, Leibal is registered with the New York State Department of Corporations to do business in New York. At all times material hereto, Leibal has owned and operated a website at the URL: www.Leibal.com (the "Website").

## STATEMENT OF FACTS

A.       **Background and Plaintiff's Ownership of the Photographs**

7.       Okahara photographed newly renovated homes in Kyoto, Japan (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8.       Okahara then published the photographs on his website with a credit to Okahara. See URL: https://nldkarchi.com/portfolio/%E6%96%99%E7%90%86%E5%AE%B6%E5%A4%AB%E5%A6%BB%E3%81%AE%EF%BD%84%EF%BD%89%EF%BD%99/. A true and correct copy of the Photographs on Okahara's website is attached hereto as Exhibit B.

9. Okahara is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-137-062.

**B.    Defendant's Infringing Activities**

11. On January 5, 2019, Leibal ran an article on the Website entitled *Cook's DIY bu nLDK*. See: http://leibal.com/interiors/cooks-diy/?fbclid=IwAR1l-Unr1rOkmc4YhR25lgQuOHAcE0cGYr0kXvkbYomNg7L75tpZL2G9NII. The article featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Leibal did not license the Photographs from Plaintiff for its article, nor did Leibal have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Leibal infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Leibal is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Leibal have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photographs from Okahara's website which contained a credit "Kosuke Okahara" and placed it on its Website without the gutter credit.

22. Upon information and belief, Leibal intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

23. The conduct of Leibal violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Leibal's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Leibal intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs. Leibal also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photographs.

26.     As a result of the wrongful conduct of Leibal as alleged herein, Plaintiff is entitled to recover from Leibal the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Leibal because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27.     Alternatively, Plaintiff may elect to recover from Leibal statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Leibal be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Leibal be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
February 7, 2019

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580

Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Kosuke Okahara*